IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON DIVISION**

WALTER R. ERIC SPARTMAN
and SOPHIA M. SPARTMAN,

               Plaintiffs,

v.                                      CIVIL ACTION NO.   2:24-cv-00655

APPALACHIAN RESOURCE
COMPANY, LLC,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Third Party Complaint* (Document 21) filed by Appalachian Resource Company, LLC, *Defendant Restoration Masters, LLC's Motion to Dismiss Defendant Appalachian Resource Company, LLC's Third Party Complaint for Lack of Personal Jurisdiction and Lack of Service of Process* (Document 34), *Defendant Restoration Masters, LLC's Memorandum of Law in Support of Its Motion to Dismiss Appalachian Resource Company, LLC's Third Party Complaint for Lack of Personal Jurisdiction and Lack of Service of Process* (Document 35), and *Defendant Appalachian Resource Company, LLC's Memorandum in Opposition to Third-Party Defendant's Motion to Dismiss Third-Party Complaint* (Document 47).

The Court has also reviewed *Defendant Restoration Masters, LLC's Motion to Dismiss Defendant Appalachian Resource West Virginia, LLC's Third Party Complaint* (Document 60), *Defendant Restoration Masters, LLC's Memorandum of Law in Support of Its Motion to Dismiss Third-Party Complaint of Appalachian Resource West Virginia, LLC* (Document 61), and

*Defendant Appalachian Resource West Virginia, LLCC's Memorandum in Opposition to Third-Party Defendant's Motion to Dismiss Third-Party Complaint* (Document 65), as well as the *Third-Party Complaint on Behalf of Appalachian Resource West Virginia, LLC* (Document 52).

## FACTUAL ALLEGATIONS

Appalachian Resource West Virginia (ARWV) brought a third-party complaint against Restoration Masters, LLC.   In the underlying suit, Plaintiffs Walter Spartman and his wife, Sophia Spartman, allege that Mr. Spartman was injured on ARWV's property as a result of the negligence of ARWV and its parent company, co-Defendant Appalachian Resources Company (ARC).

Mr. Spartman owned and operated Restoration Masters, LLC, which specialized in maintenance and repair of surface mining equipment.   Restoration Masters entered into a service agreement with ARC, whereby Mr. Spartman agreed to perform certain services for ARC and ARWV as an independent contractor.   Mr. Spartman, along with ARWV and ARC employees and contractors, went to the ARWV mine office on November 22, 2023.   Access to the mine office required travel on an inclined, treated wood travelway and stairs.   Mr. Spartman alleges that the travelway was not maintained in a safe condition and violated regulations due to the lack of non-slip materials.   Mr. Spartman fell, and his legs folded under him.   He suffered serious injuries requiring immediate transfer to a hospital and multiple surgeries.   He is permanently disabled and unable to work.   He alleges that the Defendants' negligence caused his injuries.   He seeks compensatory and punitive damages, and his wife seeks damages for loss of consortium.

The Service Agreement between ARC and Restoration Masters provides, as relevant, that Restoration Masters "will carry out the services contemplated by this Service Agreement as an independent contractor" with "complete and exclusive control over the services contemplated

hereby and over its employees in the performance hereof."  (Serv. Agreement at 4) (Document

65-1.)   The Service Agreement also contains a provision requiring Restoration Masters to provide

insurance and benefit coverage, including comprehensive general liability insurance and excess

(umbrella) liability insurance with minimums of at least $1,000,000, with coverage including "(i)

premises operations, (ii) contractual liability, (iii) cross-liability, (iv) products and completed

operation, and (v)…*Mandolidis* as defined by West Virginia Code Section 23-4-2," as well as

vehicle liability insurance, worker's compensation coverage, and unemployment benefits

coverage.  (*Id.* at 4-5.)   The Service Agreement requires that "[e]ach insurance policy shall be

endorsed to provide waiver of subrogation rights in favor of [ARC], its subsidiaries and affiliates,

and all other parties owning an interest in the property on which work hereunder it to be performed,

and naming [ARC], its subsidiaries and affiliates, as additional insureds."  (*Id.* at 5.)   "In

addition, such insurance shall be primary to any and all other insurance of [ARC] with respect to

any and all claims and demands which may be made against the Company…for bodily injury or

death to Contractor or any of its employees, workers, agents and servants, and for property damage,

including damage to [Restoration Masters'] property, caused by or alleged to have been caused by

any act, omission or default, negligent or otherwise, of [ARC] by reason of operations or work

hereunder."  (*Id.* at 6.)   The Service Agreement also contains an indemnification provision as to

any claims or damages "arising from or related to [Restoration Masters'] performance of this

Service Agreement…."  (*Id.* at 9.)

In their third-party complaints, ARC and ARWV assert that Restoration Masters was

required to provide insurance coverage and to indemnify them as to Mr. Spartman's claims.   They

assert claims for breach of contract and seek declaratory judgment that Restoration Masters is

required to indemnify, defend, and hold ARC and ARWV harmless from Mr. Spartman's claims, and that Restoration Masters is required to provide insurance coverage as to Mr. Spartman's claims.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure challenges a court's personal jurisdiction over the defendant. "Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002). "A federal district court may exercise personal jurisdiction over a foreign corporation only if: (1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014).

"When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." *Id.* All allegations must be considered in the light most favorable to the plaintiff, with all inferences drawn in favor of the existence of jurisdiction. *Id.* "If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

A motion to dismiss pursuant to Rule 12(b)(5) challenges the sufficiency of service of process, while a motion pursuant to Rule 12(b)(4) challenges the sufficiency or form of the process. Fed. R. Civ. P. 12(b)(4) & 12(b)(5). "The plaintiff bears the burden of proving adequate service once a motion to dismiss for insufficient service of process has been filed pursuant to Fed. R. Civ. P. 12(b)(5)." *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016).

## DISCUSSION

Restoration Masters moves to dismiss the third-party complaints,[1] via a special appearance to contest jurisdiction, on the basis that it is not subject to suit as a limited liability company that has been administratively dissolved. It argues that it does not have sufficient contacts with West Virginia, as it has no operations or employees in West Virginia. Restoration Masters indicates that it was dissolved on October 12, 2024. It argues that it was not winding up affairs when ARC and ARWV filed their complaints and, therefore, Ky. Rev. Stat. Ann. § 275.300(2) does not apply. Restoration Masters also argues that it cannot be served because it does not legally exist.

ARC and ARWV argue that the service challenge is premature because the motions to dismiss were filed before the deadline to complete service, and that the Secretary of State remains authorized to accept service on behalf of Restoration Masters. They further argue that Kentucky law permits suits by or against limited liabilities companies that have been administratively dissolved. They note that Restoration Masters contracted to perform work in West Virginia, and Mr. Spartman's underlying suit alleges that he was injured while conducting business for Restoration Masters in West Virginia.

---

1 The Court has addressed the third-party complaints and the arguments of ARC and ARWV collectively, as they are identical in all relevant respects.

Restoration Masters was organized under Kentucky law. Pursuant to Rule 17(b)(2) of the Federal Rules of Civil Procedure, "capacity to sue or be sued is determined, for a corporation, by the law under which it was organized." Fed. R. Civ. P. 17(b)(2); *see also Byers v. Pinnacle Converting Equip. & Servs., LLC*, No. 0:23-CV-04775-JDA, 2024 WL 4309337, at *2 (D.S.C. Sept. 26, 2024) (explaining that the rule applies to both active and dissolved corporations); *S.I.A. Ltd., Inc. v. Wingate*, 677 S.W.3d 487, 497 (Ky. 2023). Kentucky law provides that "[a] dissolved limited liability company shall continue its existence but shall not carry on any business except that appropriate to wind up and liquidate its business and affairs." Ky. Rev. Stat. Ann. § 275.300(2). The statute further provides: "Dissolution of a limited liability company shall not prevent commencement of a proceeding by or against the limited liability company in its name." *Id.* at 275.300(4)(a). "Administrative dissolution of an LLC…does not mean the entity no longer exists" under Kentucky law. *Lum Enters., LLC v. Mitchell*, No. 2021-CA-1126-MR, 2022 WL 17839296, at *3 (Ky. Ct. App. Dec. 22, 2022). The Kentucky Court of Appeals explained that a construction company that "had been dissolved as a corporate entity…nonetheless remained subject to suit" in a case related to a home construction contract. *All That N More, LLC v. Kusyo*, No. 2019-CA-0928-MR, 2021 WL 1240799, at *2 (Ky. Ct. App. Apr. 2, 2021). Because Kentucky law permits suits against limited liability companies after dissolution, the Court finds that Restoration Masters is subject to suit and the motion to dismiss for lack of jurisdiction must be denied.

The West Virginia Supreme Court has held that "[i]f a corporation has been dissolved, 'process may be served upon the same person who might have been served before dissolution.'" *State ex rel. U.S. Fid. & Guar. Co. v. Stone*, 509 S.E.2d 598, 601, fn. 1 (W. Va. 1998) (quoting

*Lynchburg Colliery Co. v. Gauley & Eastern Railway Co.,* 114 S.E. 462, 464 (W. Va. 1922)). Restoration Masters filed its motions to dismiss before the service deadline, and its basis for challenging service rested on the same premise as the challenge to jurisdiction: that as a dissolved LLC, it no longer existed and therefore could not be served.  As the Court has found, that premise is mistaken.  Therefore, the motion to dismiss for lack of service must be denied.[2]

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Restoration Masters, LLC's Motion to Dismiss Defendant Appalachian Resource Company, LLC's Third Party Complaint for Lack of Personal Jurisdiction and Lack of Service of Process* (Document 34) and *Defendant Restoration Masters, LLC's Motion to Dismiss Defendant Appalachian Resource West Virginia, LLC's Third Party Complaint* (Document 60) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        July 1, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

2 The Court's ruling addresses only the basis for challenging service presented in the motions to dismiss, which were filed before the expiration of the deadlines for completing service.  Therefore, the Court has not considered the adequacy of service as of the date of this order.